# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Hit Notion LLC,<br>    a Michigan Limited Liability Company<br><br>        Plaintiff,<br><br>v.<br><br>Sanders Collection Inc. d/b/a Nestl Bedding and Clara Clark<br><br>    a New York corporation<br><br><br>        Defendant. | Case No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND JURY DEMAND

Plaintiff Hit Notion LLC ("Hit Notion" or "Plaintiff"), by its attorneys, brings this Complaint for breach of contract and patent infringement against Defendant Sanders Collection Inc. d/b/a Nestl Bedding and Clara Clark ("Sanders") as follows:

### NATURE OF THE SUIT

1. Defendant has reneged on and otherwise breached a settlement agreement ("Settlement Agreement") to settle a prior copyright-based lawsuit in this Court. A copy of the Settlement Agreement with certain terms redacted is attached hereto as **Exhibit A**. The Defendant is also infringing Hit Notion's design patents. Accordingly, Hit Notion brings this action for damages and

1

injunctive relief arising from Defendant's unlawful acts of patent infringement under 35 U.S.C. §§ 101 et seq. and, in particular, §§ 171, 271 ("the Patent Statute"); and Defendant's breach of the prior settlement agreement to resolve Defendant's copyright infringement and Patent Infringement.

## PARTIES

2. Hit Notion is a Michigan LLC having its principal place of business at 3333 E. Jefferson, Detroit, Michigan 48207.

3. Upon information and belief, Defendant Sanders Collection Inc. d/b/a Nestl Bedding ("Nestl") and Clara Clark is a corporation that maintains a principal place of business at 143 NY-59, Hillburn, New York, 10931.

## JURISDICTION AND VENUE

4. This Action arises under a federal statute, 17 U.S.C. §§ 101 et seq. (the Copyright Act). It also arises under the Patent Statute, 35 U.S.C. §§ 171 et seq. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant. Defendant solicits, transacts and does business within this judicial district. This Court also has personal jurisdiction over the breach of contract action because of the explicit agreement of the parties stated in the Settlement Agreement.

6. Defendant has sold products with infringing images in this jurisdiction.

7. Defendant has caused infringing copies of photographs to be shown in this jurisdiction.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.  Venue is also proper because Defendant is subject to personal jurisdiction in this district, including by agreement of the parties as stated in the Settlement Agreement.

## BACKGROUND ALLEGATIONS

9. For many years, Hit Notion has sold a product called the Husband Pillow.  Below is an image from Hit Notion's web page:



10. Hit Notion owns the copyright in several photographs it took of its Husband Pillow® product.

11. The photographs include protectable subject matter including the angle, lighting and arrangement of the product.

12. The Husband Pillow sells quite well, and its sales are due in part to Hit Notion's product design, but also the use of promotional photos like the one shown above.

13. Hit Notion owns copyrights in the photos it took of its products.

14. Hit Notion's copyrights are registered with U.S. Registration Number VA 0002159189 / 2019-07-16. (**Exhibit B**)

15. Defendant has copied the photograph shown above, and therefore violated Hit Notion's copyright in the photograph.

16. Defendant included an unauthorized and infringing copy of the photograph on labels that it had used to ship its own pillow product.

17. Here is an image of the label showing the copyright infringing label:



18. Defendant has sent or caused to be sent at least one infringing label into Michigan.

19. Defendant also uses or causes to be used a related image in its internet marketing that also infringes the copyright, and this image appears to internet users in Michigan:



20. Defendant used the photograph shown above, but digitally revised the color, re-oriented it horizontally, and added the banner that says "cover only."

21. The resulting image is also covered by U.S. Registration Number VA 0002159189 / 2019-07-16.

22. Defendant also copied this image and banner from Hit Notion, and has been using it in its own ad for Amazon.

23. Hit Notion owns U.S. Design Patent D875,432 (the '432 Patent, copy attached as **Exhibit C**).

24. The parties to this lawsuit referenced the '432 Patent in the Exhibit A Settlement Agreement, and Defendant agreed in that Settlement Agreement to

6

stop selling an Accused Product that is alleged to infringe the '432 Patent. Defendant also agreed to pay Hit Notion.

25. The parties to this lawsuit referenced the copyrights of Hit Notion in the Settlement Agreement, and Defendant agreed to stop its infringement of those rights, and additionally to pay Hit Notion.

26. Hit Notion now also owns U.S. Design Patent D949,600 (the '600 patent, copy attached as **Exhibit D**).

27. The '600 Patent issued after the parties signed the Settlement Agreement; and it covers a related design.

28. As Hit Notion recently learned, Defendant is infringing both the '600 and the '432 design patents by at least making, using, offering for sale, selling, and importing products with the patented designs.

29. In fact, the design that Defendant is currently offering for sale (shown below) is the exact design Defendant promised not to sell in the Exhibit A Settlement Agreement on page 3.



So this represents a breach of the Agreement and design patent infringement.

30. Defendant also failed to pay for or destroy the units it had on hand, contrary to what the Parties agreed.

31. Hit Notion does not know at this time whether Defendant is also continuing to infringe the copyright.

32. Hit Notion confronted Defendant in 2021 regarding breach of the contract and its continued use of the patented design, but Defendant denied any wrongdoing, and it argued that it was transitioning to a wholly different design.

33. Hit Notion has since learned that, despite Defendant's representations, Defendant is still infringing Hit Notion's patents; and Defendant has not transitioned to offering and selling a wholly different design. In other words, Defendant is still offering and selling the same design it promised not to sell.

34. Here, for example, is a recently-obtained package of Defendant's product showing that Defendant is still offering to sell the same design it promised to stop selling:



## CAUSES OF ACTION

### COUNT I
### COPYRIGHT INFRINGEMENT

35.     Hit Notion repeats and re-alleges herein each of the foregoing paragraphs.

36.     Hit Notion owns a valid copyright in the photographs shown above.

37.     The photographs include copyrightable subject matter as indicated above.

38.     Defendant Nestl copied the protected photographs without authorization.

39.     Defendant Nestl had access to the the copyrighted photographs, and this is obvious from the fact that Nestl made mechanical identical copies of them.

40. Defendant Nestl has distributed photographs that are either identical copies of the protected photographs or ones that are substantially similar.

41. Hit Notion has been damaged by the infringing copying, including irreparably and monetarily.

42. Defendant did not adequately compensate Hit Notion for the infringement according the Settlement Agreement, and Defendant breached the Settlement Agreement in other respects.

## COUNT II
## BREACH OF CONTRACT

43. Hit Notion repeats and re-alleges herein each of the foregoing paragraphs.

44. The parties entered into the Settlement Agreement attached as Exhibit A.

45. The Defendant breached the Settlement Agreement.

46. Defendant breached the Settlement Agreement by, among other things, continuing to infringe the '432 Patent through the various aforesaid acts of infringement, including using the infringing design and offering to sell the patented design.

47. Defendant also failed to either pay for or destroy the infringing units it had on hand when the parties entered into the Agreement.

48. Hit Notion is damaged by the breach, and some of the damage is irreparable.

## COUNT III
## PATENT INFRINGEMENT OF U.S. DESIGN PATENT D875,432

49. Hit Notion repeats and re-alleges herein each of the foregoing paragraphs.

50. Hit Notion owns the '432 Patent.

51. Defendant has infringed it by at least using the patented design and offering the patented design for sale.

52. In addition, Defendant has imported, made used and sold the patented design, as indicated in the Settlement Agreement.

53. Here is a chart indicating the infringement of the design:



11



54. The Defendant's product design is so substantially similar as to be nearly identical, such that an ordinary observer, giving such attention as an ordinary online purchaser usually gives, will be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's product believing them to be bearing the same design as the one protected by Hit Notion's '432 patent.

55. Defendant's infringement is willful.

56. Hit Notion is damaged by the infringement.

57. Some of the damage is irreparable.

## COUNT IV
## PATENT INFRINGEMENT OF U.S. DESIGN PATENT D949,600

58. Hit Notion repeats and re-alleges herein each of the foregoing paragraphs.

59. Hit Notion owns the '600 Patent.

60. Defendant has infringed it by at least using the patented design and offering the patented design for sale.

61. Here is a chart indicating the infringement of the design:



13



62. The Defendant's product design is so substantially similar as to be nearly identical, such that an ordinary observer, giving such attention as an ordinary online purchaser usually gives, will be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's product believing them to be bearing the same design as the one protected by Hit Notion's '600 patent.

63. The Defendant's infringement is willful.

64. Hit Notion is damaged by the infringement.

65. Some of the damage is irreparable.

## **PRAYER FOR RELIEF**

Accordingly, Hit Notion prays that this Court enter a judgment in its favor and against the Defendant by ordering:

a) an injunction against further use of the infringing copyright images;

b) an order requiring destruction of the infringing labels;

c) an injunction against further design patent infringement;

d) an order requiring destruction of infringing pillows;

e) statutory damages for copyright infringement;

f) an accounting of profits for the copyright infringement;

g) an accounting of profits for the design patent infringement;

h) monetary remedies for infringement including damages;

i) treble damages for willful infringement;

j) attorneys fees;

k) prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by the Lanham Act; and

l) any other remedy the Court deems to be just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury for each and every issue so permitted by law and statute.

                        Respectfully submitted,

                        HOWARD & HOWARD ATTORNEYS PLLC

Dated: April 10, 2024         By: */s/Andrew M. Grove*
                                      Andrew M. Grove (P48868)
                                      Attorneys for Plaintiff
                                      450 West Fourth Street
                                      Royal Oak, Michigan 48067-2557
                                      Phone: (248) 645-1483
                                      Fax: (248) 723-1568
                                      Email: jg@h2law.com